UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| GEORGE T. SHELTON, § | |
| PLAINTIFF § | |
| § | |
| VS. § | |
| § | CIVIL ACTION NO. 1:22-CV-00157-H |
| § | |
| RANGER COLLEGE, § | |
| DEFENDANT § | |

### DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant Ranger College ("Ranger"), and files this motion for partial summary judgment and shows the Court the following:

## I.   PROCEDURAL HISTORY

1. In his preamble to his Amended Complaint, Plaintiff asserts claims against Ranger pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 1981, and the Texas Commission on Human Rights Act ("TCHRA"). Dkt. No. 4, ¶ 39, 43. Although the preamble references THCRA, nowhere in his Amended Complaint does Plaintiff further allege a violation of THCRA. Accordingly, as a preliminary matter, Defendant requests summary judgment regarding any alleged TCHRA violation. As set forth below, Defendant also seeks summary judgment on Plaintiff's Title VII and 42 U.S.C. §1981 claims.

2. Plaintiff claims that he was discriminated against on the basis of his race (Black) in violation of 42 U.S.C. §1981 when his employment was terminated on October 8, 2020.

Dkt. No. 4, ¶¶ 39-42. For his Title VII claim, Plaintiff asserts that he was terminated based on his race and sex (Male). Dkt. No. 4, ¶¶ 43-49.

## II.  SUMMARY JUDGMENT STANDARD

3. The summary judgment standard is well established. FED. R. CIV. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986).

## III.  SUMMARY JUDGMENT EVIDENCE

4. Defendant incorporates by reference for all purposes the items attached to and made part of this Motion in Appendix: Evidence in Support of Defendant's Motion for Summary Judgment, as required by Local Rule CV-7.

## IV.  SUMMARY OF MATERIAL EVIDENCE

5. Plaintiff was hired by Ranger with a one-year contract beginning June 1, 2020, and ending May 9, 2021.  Dkt. No. 4, ¶ 4; Ex. A. Under the contract, Ranger employed Shelton as Assistant Men's Basketball Coach/Academic Advisor and Dorm Supervisor. Dkt. No. 4, ¶ 5.  Shelton's contract provided, "New Employees will have a 6-month probationary period from date of hire." Dkt. 1, Ex. A.

6. On September 18, 2020, the head of Ranger's math department Jessica Brown communicates staffing difficulties with three classes and that Mr. Shelton declines to teach a class because, with his recruiting duties and responsibilities for fifty-two basketball players, he felt it would be too stressful. Dkt. No. 4, ¶ 8.

7. On October 5, 2020, Ranger's president Dr. William Campion advised Shelton that if he was unwilling to teach a class he should resign. Dkt. No. 4, ¶ 9.

8. Ranger received two separate complaints - one by a female employee and one by a female student – that Shelton had sexually harassed them. Deposition of Lindy Matthews, p. 39, l. 9 – p. 40, l. 11; Deposition of Dr. William Campion, p. 25 l. 16 – p. 28, l. 20.

9. On October 8, 2020, within the 6 month probationary period of Shelton's contract, Dr. Campion advised Shelton that his employment with Ranger is ended. Dkt. No. 4, ¶ 14.

10. Dr. Campion testified that Shelton's employment was terminated for refusing to teach a developmental math class and because of two instances in which women complained that Shelton had sexually harassed them. Deposition of Dr. William Campion, p. 25 l. 16 – p. 28, l. 20.

## V. ARGUMENTS AND AUTHORITIES

**A. Plaintiff Cannot Establish Discrimination Based on Gender or Race in Violation of Title VII or Discrimination Based on Race in Violation of 42 U.S.C. §1981**

11. Plaintiff asserts a claim under Title VII for intentional discrimination on the basis of gender (male) and race (Black). Dkt. No. 4, ¶¶ 39-42. Plaintiff also states a claim of discrimination based on race in violation of 42 U.S.C. §1981. Plaintiff bases his claims under Title VII and under 42 U.S.C. §1981 on the same facts. Discrimination claims brought under §§ 1981 are analyzed under the same framework as Title VII claims. *Blount v. Alabama Co-op. Extension Service,* M.D.Ala.1994, 869 F.Supp. 1543. The same elements required to establish discrimination under Title VII are applicable to actions under § 1981. *Hunter v. Citibank, N.A.*, E.D.N.Y.1994, 862

F.Supp. 902, affirmed 60 F.3d 810, certiorari denied 116 S.Ct. 483, 516 U.S. 978, 133 L.Ed.2d 410.

12. A plaintiff can prove Title VII discrimination through direct or circumstantial evidence. *Laxton v. Gap, Inc.,* 333 F.3d 572, 578 (5th Cir.2003). If a plaintiff produces direct evidence that discriminatory animus played a role in the adverse employment action, the burden of persuasion shifts to the employer, who must prove that it would have taken the same action regardless of discriminatory animus. *Price Waterhouse v. Hopkins,* 490 U.S. 228, 252–53 (1989). Here, Plaintiff makes no allegations constituting direct evidence of discriminatory animus. *See* Dkt. No. 4.

13. Where there is no evidence of direct discrimination, Title VII discrimination claims based on circumstantial evidence are analyzed under the framework established in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802–04 (1973). Under the *McDonnell Douglas* burden-shifting framework, Plaintiff must first present his *prima facie* case of discrimination, showing that he: (1) is a member of a protected class; (2) was qualified for his position; (3) suffered an adverse employment action; and (4) was replaced by someone outside of his protected class or others similarly situated were treated more favorably. *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 142–43 (2000).

14. Plaintiff cannot identify any individuals who are similarly situated to serve as comparators to substantiate his discrimination claims under Title VII and under 42 U.S.C. §1981. Accordingly, Ranger seeks summary judgment on Plaintiff's Title VII claim and his 42 U.S.C. §1981 claim.

## VI. CONCLUSION

Defendant respectfully moves this Court to grant this Partial Motion for Summary Judgment dismissing Plaintiff's claims under TCHRA, Title VII and 42 U.S.C. § 1981; deny Plaintiff's claims in their entirety; and grant Defendant all such other and further relief, special or general, at law or in equity, to which it shows itself justly entitled.

Respectfully submitted,

WALSH, GALLEGOS, TREVIÑO,
 KYLE & ROBINSON, P.C.
1020 N.E. Loop 410, Suite 450
San Antonio, Texas  78209
TEL NO.: (210) 979-6633
FAX NO.: (210) 979-7024

By:   /s/ *D. Craig Wood*
D. Craig Wood
ATTORNEY IN CHARGE
State Bar No. 21888700
cwood@wabsa.com

ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on August 31, 2023, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

N. Sue Allen
1345 FM 1187 E, Suite 113
Mansfield, Texas 76063
sue@sueallenlaw.com

/s/ *D. Craig Wood*
D. Craig Wood