IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| GEORGE T. SHELTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No, 1:22-CV-157-H |
| v. | § | |
| | § | |
| RANGER COLLEGE, | § | |
| | § | |
| | § | |
| Defendant. | § | |

_____

**PLAINTIFF'S BRIEF OF ARGUMENTS AND AUTHORITIES IN SUPPORT OF HIS OPPOSITION TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**
_____

Plaintiff George Todd Shelton submits these arguments and authorities in support of his opposition to Defendant's Motion for Partial Summary Judgment.

### I. The evidence shows the facts offered by defendant in support of its motion are not material and not undisputed.

### A. Facts which are not material to Mr. Shelton's Title IX claim.

It is literally that Dr. Campion "*testified*" in his deposition that Mr. Shelton was fired because i) he refused to teach a developmental math class and ii) two women complained that Shelton had sexually harassed them." That Dr. Campion testified is fact, but the facts to which he gave testimony (sometimes conflicting) was not undisputed.

PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT   PAGE 1

### 1. Mr. Shelton agreed to teach the math class.

Mr. Shelton did not refuse to teach a math class. Mr. Shelton agreed to teach the class and the class was put on the schedule for Spring Semester which was to start in January 2021.   App. 24, Brown Deposition, page 44, lines 16-21; page 50, lines 16-17. It is true that Mr. Shelton initially said he was not teaching the class because he was worried that he could not supervise fifty-two basketball players and teach a math class, he agreed to teach the class.  Dr. Campion's testimony does not change this fact.

### 2. There were not two sexual harassment complaints filed against Mr. Shelton.

Dr. Campion's testified that defendant fired Mr. Shelton because two women filed sexual harassment complaints against Mr. Shelton. However, these are not facts and the claim is false that two women filed sexual harassment complaints against Mr. Shelton. Deposition of Lindy Mattews at page 39: lines 14. Ms. Matthews said that her conclusion after investigating the complaint was that Mr. Shelton did not sexually harass the student.  Deposition of Lindsay Matthews at page 41, lines 7:12.  Defendant dismissed the complaint. Exhibit 1.

The second alleged complaint was not a sexual harassment complaint and was not made by a woman.  It was a report of an issue between Ms. McKenzie and Mr. Shelton made by Stan Feaster.  Deposition of Lindsay Matthews at page 26: lines 5-15. Ms. Matthews recorded what Mr. Feaster reported.  Exhibit 1 to Deposition of Lindy Matthews.  Ms. Matthews contacted Ms. Dallas and asked her to come in to discuss the issue.  Deposition of Lindy Matthews at page 30: lines 9-15.

Ms. Matthews did not characterize Ms. Mackenzie's report as a "sexual harassment complaint."  Rather, she stated that they decided to look at it "through a

possible Title IX lens." Deposition of Lindy Mathews at 24:24-25; 26:1. Ms. Lindy recorded what was reported by Ms. McKenzie. Exhibit 2 to Deposition of Lindy Matthews.

Ms. Matthews' conclusions were that there had been a consensual relationship between Ms. Mackenzie and Mr. Shelton and that that had been no contact between them since September 20, and that Mr. Shelton had not done anything inappropriate that violated the defendant's sexual harassment policy. Deposition of Lindy Matthews at page 33: line 13-25; 34: lines 1-22.

While there was one sexual harassment complaint filed against Mr. Shelton, after investigating it Ms. Matthews concluded Mr. Shelton did not sexually harass the person and the complaint was dismissed. Deposition of Lindsay Matthews at page 41, 7:12. Lindy Mattews at page 39: lines 14. Claiming to fire Mr. Shelton for this reason just makes no sense.

**B. That defendant's new employees have a 6-month probationary period is not material.**

Defendant does not explain why the provision in Mr. Shelton's contract which reads: "New Employees will have a 6-month probationary period from date of hire" establishes that defendant is entitled to judgment on Mr. Shelton's race discrimination claim under 42 U.S.C. §1981. The referenced provision in the contract does not help defendant's argument for judgment as a matter of law and is not even relevant to Mr. Shelton's breach of contract claim. Defendant could fire Mr. Shelton any time before his contract expired – one, four, six or eleven months *for good cause*. See Plaintiff's Motion for Partial Summary Judgment at para. A, pages 6 and 7.

The six-month probationary period does not provide defendant with justification

for firing Mr. Shelton for any reason as defendant has suggested.  This is so because the contract provides that the contract can only be terminated before its term expires for *good cause*.

Moreover, defendant's faculty handbook is clear that the purpose of the probationary period is to evaluate performance for future employment. The handbook reads:

> **Probationary Period**
>
> All new hires at Ranger College are placed on a six-month probationary period at which time their job performance will be evaluated for future employment at Ranger College.

See Exhibit 3.

Nothing in the defendant's faculty handbook suggests that defendant can terminate a contract before the end of the term for other than good cause so long as the employee has worked there for less than six months.

### C. Mr. Shelton has ample evidence of pretext on the issue of his termination based on race.

Mr. Shelton claims is that he was fired because he is a black man and participated in an interracial relationship with a white woman.  Mr. Shelton's prima facie case is that is he Black, qualified for his position, fired which is an adverse employment action and that the white person who engaged in the relationship was not. The defendant's legitimate, nondiscriminatory reason for firing Mr. Shelton is that he refused to teach a math class and was accused by two women of sexual harassment.

At this point, the relevant inquiry is into whether or not Mr. Shelton has as shown sufficient evidence of pretext to create a factual issue on the reason he was terminated.

Pretext is just a stated reason that is not the real reason. Pretext evidence is any evidence tending to show that a stated reason is not the real reason.

### 1. Not the real reason because the reasons are false.

Here, Mr. Shelton's evidence shows that is false that he refused to teach a math class and also false that he was accused by two women of sexual harassment. Accordingly, Mr. Shelton has evidence of pretext – that is, that the reasons proferred for his termination cannot possibly be the real reasons for his termination because the reasons are false.  See *e.g., Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143 (2000).  Claimants can show that legitimate reasons offered by the defendant were not its true reasons but were a pretext for discrimination" "by showing that the employer's proffered explanation is unworthy of credence").

### 2. Defendant's reasons shifted from date of termination, to EEOC, to deposition.

At termination, Mr. Shelton asked, but defendant declined to give him with a reason that he was being terminated.  See Declaration of Todd Shelton, ¶¶ 14-16. However, in its response to EEOC, the defendant claims that it fired Mr. Shelton for refusing to teach a math class in violation of his contract.  Plaintiff's Appendix 36. Defendant did not claim that sexual harassment complaints as a basis for terminating Mr. Shelton's employment until Dr. Campion's deposition.  It is well-established that he defendant does not tell the EEOC that it fired Mr. Shelton because he was accused of sexual harassment.  Defendant's shifting explanations is evidence of pretext.

For the reasons offered above, Mr. Shelton asks that the Court deny defendant's motion for partial summary judgment dismissing his claim under 42 U.S.C. ¶1981.  Mr. Shelton is not making a claim under the Texas Commission on

Human Rights Act.

                                          Respectfully submitted,

                                          s/   N. Sue Allen
                                          N. Sue Allen
                                          Texas Bar No. 00791992
                                          1345 FM 1187, Suite 113
                                          Mansfield, Texas 76063
                                          Telephone: (817) 926-5005
                                          Facsimile: (817) 926-5165
                                          Email:  sue@sueallenlaw.com

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that the foregoing instrument was served September 21, 2023, to the following counsel of record for defendant via the Court's ECF filing system to

                        Mr. Craig Wood
                        Ms. Meredith P. Walker
                        WALSH GALLEGOS TREVINO KYLE & ROBINSON, P.C.,
                        1020 NE LOOP 410, Ste. 450
                        San Antonio, Texas 78209

                                          s/   N. Sue Allen
                                          N. Sue Allen